**Appeal of SEABOARD OIL CO.**         **Docket No. 1390.**

Submitted April 22, 1925; decided May 26, 1925.

*Robert J. Walker*, *C. P. A.*, for the taxpayer.
*Ward Loveless*, *Esq.*, for the Commissioner.

Before STERNHAGEN, PHILLIPS, and LOVE.

This is an appeal from a determination of a deficiency in income and profits taxes for the year 1919 in the amount of $4,790.77.

### FINDINGS OF FACT.

The taxpayer is a Delaware corporation with its principal office in Norfolk, Virginia. Prior to 1919 it issued notes in the principal amount of $600,000, bearing interest at 7 per cent, payable January 1 and July 1. In preparing its income-tax return for 1919, it claimed as a deduction for that year the interest becoming due upon such bonds on January 1, 1920, in the sum of $21,000. This interest was paid by the corporation on or after January 10, 1920.

The income of the taxpayer was derived entirely from oil sold and delivered by it to a pipe-line company. Such income was entered on the books when actually received and was not accrued, nor did the taxpayer accrue upon its books any amounts due from it for wages or other purposes other than the interest item here in dispute. Except for the item of interest on notes now in question, the taxpayer's books and records were kept upon the cash receipts and disbursements basis of accounting.

The taxpayer in its petition also alleged that the Commissioner committed error in allowing no deduction for either depletion or depreciation during the year 1919. The Commissioner in his answer denied that a reasonable deduction for depreciation and depletion had not been allowed. No evidence was introduced by either party upon this issue.

In an amended answer the Commissioner alleged that the taxpayer had been erroneously allowed as a deduction from its gross income for 1919 the sum of $4,112, representing commissions paid upon the sale of capital stock of the taxpayer corporation. At the hearing, the Commissioner adduced evidence that the books of the corporation showed that commissions in that amount had been paid on the sale of capital stock, but failed to show that such commissions were upon the sale of the capital stock of the taxpayer corporation, or that such commissions had been deducted in computing the net income of the taxpayer.

### DECISION.

The determination of the Commissioner is approved.